# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:04CR00009-002 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| DANIEL LEE LINEBERRY, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). The government has moved for an extension of time to respond to the defendant's motion, which the defendant opposes. I find the defendant ineligible for relief, and I will deny his motion. Therefore, I also find the government's motion for an extension moot.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger

mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons ("BOP"), the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on February 3, 2004, and charged with conspiring to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846 (Count One), and distributing five grams or more of cocaine base in violation of 18 U.S.C. § 841(a) (Count Five). The defendant pleaded guilty to Count One pursuant to a written plea agreement, in which the

government agreed to dismiss the remaining count against him if he complied with his obligations under the agreement. The defendant was sentenced on June 20, 2006, to a term of 48 months of imprisonment followed by a five-year period of supervised release. The defendant's sentence was below the applicable guideline range and statutory mandatory minimum due to his substantial assistance to the government. The defendant served this sentence and was released on June 16, 2009, at which point he began his supervised release. On May 4, 2015, the defendant was found to have violated the conditions of his supervised release, and he was sentenced to a term of 33 months of imprisonment, which he is currently serving.

The defendant requests that the court apply the 2018 FSA to reduce his initial 2006 sentence. His theory is that pursuant to such a reduction and the BOP's interpretation of 18 U.S.C. § 3585(b), the BOP would likely credit any time the defendant may have overserved on the 2006 sentence against his current sentence for violating the conditions of his supervised release, thereby shortening that sentence.

Lineberry's essential argument is that the 2018 FSA serves a vehicle to credit for overserved time. This contention is contrary to *United States v. Johnson*, 529 U.S. 53 (2000). In that case, the defendant overserved his original sentence, and sought to have the overserved time deducted from his later term imposed for

violation of the conditions of his supervised release.  The Court stated that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *Johnson*, 529 U.S. at 59.  Whatever might be BOP policy about overserved time, I do not find that Lineberry can bootstrap the purpose of the 2018 FSA into his case.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 654, is DENIED; and
2. The Motion for Extension of Time to Respond, ECF No. 661, is moot.

ENTER: February 27, 2019

/s/ *James P. Jones*
United States District Judge